Nos. 22-50281, 22-50283

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA, )
)
    Plaintiff-Appellee, )
)
    v. )
)
TRAVIS SCHLOTTERBECK and )
JAMES VLHA, )
)
    Defendants-Appellants. )
_____)

_____

**APPELLANTS' JOINT SUPPLEMENTAL BRIEF**

_____

Appeal from the United States District Court
for the Central District of California

No. 19-CR-00343-GW
Hon. George H. Wu, United States District Judge

Katherine Kimball Windsor
Law Office of Katherine Kimball Windsor
65 N. Raymond Avenue, Suite 320
Pasadena, CA 91103
Telephone: (213) 663-9219
Email: katy@windsorlaw.us

Attorney for Defendant-Appellant
**JAMES VLHA**

Edward M. Robinson (126244)
Rachael A. Robinson (313991)
Law Office of Edward M. Robinson
21515 Hawthorne Boulevard, Suite 730
Torrance, CA 90502
Telephone: (310) 316-9333
Facsimile: (310) 316-6442

Attorneys for Defendant-Appellant
**TRAVIS SCHLOTTERBECK**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION ..................................................................................................... 1

PROCEDURAL BACKGROUND............................................................................ 1

ARGUMENT ............................................................................................................. 3

I. *United States v. Duarte* ................................................................................ 3

    A. This Court has stayed the mandate in *Duarte* ..................................... 3

    B. *Duarte* is inapplicable to Mr. Schlotterbeck's argument as to 18 U.S.C. § 922(d)(1) ................................................................................ 3

    C. *Duarte* is inapplicable to Messrs. Schlotterbeck and Vlha's argument as to 18 U.S.C. § 922(a)(1)(A) ............................................................. 5

II. *B & L Productions, Inc. v. Newsom* ............................................................. 6

CONCLUSION .......................................................................................................... 7

CERTIFICATE OF COMPLIANCE

i

# TABLE OF AUTHORITIES

## Cases

*B & L Productions, Inc. v. Newsom*,
  104 F.4th 108 (9th Cir. 2024), cert. denied, -- S. Ct. --, 2025 WL 1211774
  (2025) .................................................................................................. 3, 6, 7

*New York State Rifle & Pistol Ass'n, Inc. v. Bruen*,
  597 U.S. 1, 142 S. Ct. 2111 (2022) .................................................... 1, 4, 5, 6, 7, 8

*Teixeira v. County of Alameda*,
  873 F.3d 670 (9th Cir. 2017) ............................................................................. 5, 6

*United States v. Duarte*,
  -- F.4th --, 2025 WL 1352411 (9th Cir. 2025) (en banc) .......................... 2, 3, 4, 5

*United States v. Duarte,*
  101 F.4th 657 (9th Cir. 2024) ................................................................................ 2

*United States v. Duarte,*
  108 F.4th 786 (9th Cir. 2024) ................................................................................ 2

## Statutes

18 U.S.C. § 922(a)(1)(A) ................................................................................... 1, 3, 5, 6, 7

18 U.S.C. § 922(d)(1) ............................................................................................ 1, 2, 3, 4

18 U.S.C. § 922(g) .............................................................................................................. 5

18 U.S.C. § 922(g)(1) ............................................................................................ 1, 2, 3, 4, 5

## Constitutional Provisions

U.S. Const. amend. II ..................................................................................... 1, 2, 4, 5, 6, 7

ii

# INTRODUCTION

Messrs. Schlotterbeck and Vlha respectfully file this supplemental brief as ordered by the panel on May 15, 2025. *See* Consolidated Case Nos. 22-50283, 22-50284, docket no. 55.

# PROCEDURAL BACKGROUND

In this consolidated appeal, Messrs. Schlotterbeck and Vlha challenged their guilty pleas made pursuant to conditional plea agreements reserving their right to argue that their conduct was protected by the Second Amendment in light of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111 (2022). Mr. Schlotterbeck conditionally pled guilty to conspiracy to manufacture firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A) (Count One of the Indictment) and transferring a firearm to a felon in violation of 18 U.S.C. § 922(d)(1) (Count Three of the Indictment); and Mr. Vlha pled guilty to conspiracy to manufacture firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A) (Count One).

The case was briefed in 2023, and argued on March 29, 2024. At the time of argument, a Second Amendment challenge to the constitutionality of 18 U.S.C. § 922(g)(1), which criminalizes possession of a firearm by a person who has been convicted of an offense punishable by imprisonment for a term exceeding one year, was already pending. *See United States v. Duarte*, Ninth Circuit Case No. 22-

1

50048. At oral argument, Mr. Schlotterbeck noted that this Court's decision in *Duarte* would be relevant to his conviction under § 922(d)(1); if possession of a firearm by a person convicted of a felony was protected conduct under the Second Amendment, transferring a firearm to a felon also would be so protected.

On April 3, 2024, this panel issued an order holding the case in abeyance pending the decision in *Duarte*, and removing the case from submission pending further order. *See* docket no. 53.

On May 9, 2024, a divided panel of this Court released its decision in *Duarte*, finding that § 922(g)(1) violated the Second Amendment as applied to Mr. Duarte, a non-violent offender who had completed his prison time. *See* 101 F.4th 657, 661 (9th Cir. 2024). On July 17, 2024, this Court issued an order vacating the panel opinion in *Duarte*, and ordering that the case be reheard en banc. *See* 108 F.4th 786 (9th Cir. 2024). The case was argued before the en banc Court on December 11, 2024, and the decision issued on May 9, 2025. This Court found that § 922(g)(1) did not violate the Second Amendment as applied to a defendant previously convicted of non-violent felonies. *See United States v. Duarte*, -- F.4th --, 2025 WL 1352411 (9th Cir. 2025) (en banc).

On May 15, 2025, this panel issued an order to the parties to submit simultaneous supplemental briefs addressing the effect, if any, of this Court's en

2

banc *Duarte* decision and *B & L Productions, Inc. v. Newsom*, 104 F.4th 108 (9th Cir. 2024), cert. denied, -- S. Ct. --, 2025 WL 1211774 (2025). *See* docket no. 55.

## ARGUMENT

I.  *United States v. Duarte*

    A.    **This Court has stayed the mandate in *Duarte*.**

On May 16, 2025, this Court granted Mr. Duarte's unopposed motion to stay the mandate for 90 days pending the filing of the petition for writ of certiorari in the Supreme Court. If Mr. Duarte files such a petition, the stay shall continue until final disposition by the Supreme Court. *See* Case No. 22-50048, docket no. 127. If this Court rejects the arguments below and finds that its decision in *Duarte* is dispositive as to either 18 U.S.C. §§ 922(d)(1) or 922(a)(1)(A), it nonetheless should continue to hold its decision in abeyance until the mandate spreads.

    B.    ***Duarte* is inapplicable to Mr. Schlotterbeck's argument as to 18 U.S.C. § 922(d)(1).**

In *Duarte*, this Court addressed the constitutionality of 18 U.S.C. § 922(g)(1), the statute that prohibits a person who has previously been convicted of a crime punishable by imprisonment for a term exceeding one year from receiving or possessing a firearm. *See Duarte*, 2025 WL 1352411 at *2. In contrast, the claim raised by Mr. Schlotterbeck as to Count Three concerns the constitutionality of 18 U.S.C. § 922(d)(1), which forbids the *sale* of a firearm to any person "knowing or having reasonable cause to believe that such a person … is under

3

indictment for, or has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year….*" See* 18 U.S.C. 922(d)(1). Although *Duarte* is another application of the *Bruen* framework, it addresses a different provision of the statute with different language. As counsel acknowledged at oral argument, the issue of the constitutionality of § 922(g)(1) is relevant to § 922(d)(1); a finding that the conduct covered by 922(g)(1) was protected by the Second Amendment would support a finding that the conduct covered by 922(d)(1) was also protected. However, the converse is not necessarily true; the fact remains that the two statutes are distinct – one prohibits a felon from possessing a firearm while the other prohibits sales to someone the seller knows or has reasonable cause to believe has been indicted or convicted of a felony. Each requires a separate *Bruen* analysis.

  Helpfully, in *Duarte*, this Court rejected the government's argument that the appellant did not fall within the scope of the Second Amendment because of his status as a felon. *See* 2025 WL at *6 ("because Duarte is undoubtedly a member of the national community, he is part of 'the people' and the Constitution presumptively protects his right to possess a firearm") (cleaned up). This was indeed the argument Mr. Schlotterbeck made in his briefing, and it is now settled.

  However, as to the second part of the *Bruen* analysis, *Duarte* did not address whether banning sale of a firearm to a person knowing or having reasonable cause

4

to believe that the person is a felon "is consistent with the Nation's historical tradition of firearm regulation." *Bruen,* 597 U.S. at 24. The government has not met its burden on this step of the analysis. *See* AOB at 12. As such, this Court's ruling in *Duarte* is not controlling.

      C.    *Duarte* **is inapplicable to Messrs. Schlotterbeck and Vlha's argument as to 18 U.S.C. § 922(a)(1)(A).**

The claim raised by appellants as to Count One concerns the constitutionality of 18 U.S.C. § 922(a)(1)(A), which forbids manufacture of firearms without a license. It too is distinct from *Duarte*'s holding as to § 922(g)(1).

As it did in *Duarte*, this Court should make a similar finding that the plain text of the Second Amendment covers the conduct of § 922(a)(1)(A). As argued in the briefing, "the core Second Amendment right to keep and bear arms for self-defense wouldn't mean much without the ability to acquire arms." *See Teixeira v. County of Alameda*, 873 F.3d 670, 677-78 (9th Cir. 2017) (cleaned up); *See* Appellants' Joint Opening Brief ("AOB") at 14-16; Appellants' Consolidated Reply Brief ("ARB") at 10-19.

But the remaining portion of the *Duarte* analysis, addressing the nation's historical felony punishments and laws categorically disarming dangerous individuals, *see* 2025 WL at *8-14, is specific to the conduct prohibited in § 922(g). As such, it does not affect appellants' Count One claim. The appellants

5

maintain that the government has not met its burden to affirmatively prove that § 922(a)(1)(A)'s prohibition of manufacture and sales of firearms without a license is "part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Bruen*, 142 S. Ct. at 2127. They renew their request for this Court to either conduct its own analysis or remand the case to the district court for such consideration. *See* AOB at 14-16; ARB at 10-19.

**II.     *B & L Productions, Inc. v. Newsom***

This Court's opinion in *B & L Productions* also issued shortly after oral argument in this case. *See* 104 F.4th 108 (9th Cir. 2024). In that case, this Court addressed *inter alia* a Second Amendment challenge by a gun show operator to a series of California statutes that banned firearm sales on state property. *See id*. at 116. This Court again recognized that it "has consistently held that the Second Amendment also 'protects ancillary rights necessary to the realization of the core right to possess a firearm for self-defense.'" *Id*. at 118, citing *Teixeira*, 873 F.3d at 677.

Nonetheless, this Court held that the California statutes at issue did not "meaningfully constrain" the right to keep and bear arms, as they merely affected sales on state property and did not significantly delay the delivery of purchased firearms. *Id*. at 119-120. As such, this Court found the plaintiffs had failed to

establish that the challenged statutes violated their Second Amendment rights *Id*. at 120.

The statute at issue in this case differs from the narrow California statutes challenged in *B&L Productions, Inc*. Specifically, 18 U.S.C. § 922(a)(1)(A) criminalizes a broad swath of critical conduct necessary to the realization of the Second Amendment right. *See* § 922(a)(1)(A) (prohibiting engagement "in the business of importing, manufacturing, or dealing in firearms" without a license). Such conduct is protected under the plain language of the Second Amendment. *See* ARB at 10-15.

Furthermore, the Court in *B & L Productions* did not even reach the second part of the *Bruen* test – whether the challenged law is consistent with the nation's historical tradition of firearm regulation. *See* ARB at 16-19. Were such an analysis conducted in the current case, the Court would find that the Government did not, and cannot, carry its burden. *See id*.

Because *B & L Productions* is not dispositive as to the Appellants' case, this Court should proceed with the *Bruen* analysis as to 922(a)(1)(A).

## **CONCLUSION**

For the foregoing reasons, Mr. Schlotterbeck and Mr. Vlha respectfully request that this Court vacate the convictions and dismiss the case against them. Alternatively, Mr. Schlotterbeck and Mr. Vlha respectfully request that this Court

vacate the convictions and remand to the district court with instructions to conduct a hearing consistent with the Supreme Court's holding in *Bruen*.

Dated: June 5, 2025

By: /s/ *Edward M. Robinson*

Edward M. Robinson
Attorneys for Defendant-Appellant
TRAVIS SCHLOTTERBECK

By: /s/ *Katherine Kimball Windsor*

Katherine Kimball Windsor
Attorney for Defendant-Appellant
JAMES VLHA

8

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**Form 8. Certificate of Compliance for Briefs**

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** 22-50283, 22-50284

I am the attorney or self-represented party.

**This brief contains** 1,674 **words**, including 0 words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

○ complies with the word limit of Cir. R. 32-1.

○ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

○ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

○ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

○ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
  ☐ it is a joint brief submitted by separately represented parties.
  ☐ a party or parties are filing a single brief in response to multiple briefs.
  ☐ a party or parties are filing a single brief in response to a longer joint brief.

● complies with the length limit designated by court order dated 5/15/2025.

○ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/Katherine Kimball Windsor  **Date** 6/5/25
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8**                                                                                      *Rev. 12/01/22*